UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY JONES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No.  4:11-CV-177 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

Before the Court are the motions of Michael Anthony Jones to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and for leave to amend the motion to vacate. The United States has responded to both motions, and the issues are fully briefed. Jones also moves for an evidentiary hearing.

### I. Background

Following a jury trial, Jones was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count I); possessing with intent to distribute methamphetamine and possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Counts II and III, respectively); possessing a firearm in furtherance of the drug trafficking crimes in Counts II and III, in violation of 18 U.S.C. § 924(c) (Count IV); and possessing methamphetamine, in violation of 21 U.S.C. § 844(a).  He was sentenced to concurrent terms of 360 months' imprisonment on Counts I, II, III and V, and a consecutive 60-month term of imprisonment on Count IV.  The judgment was affirmed on appeal. United States v.

Jones, 586 F.3d 573 (8th Cir. 2009). Jones' petition for a writ of certiorari was denied by the United States Supreme Court on March 22, 2010.

## II. Motion to Vacate

Jones asserts three claims of ineffective assistance of counsel in his motion to vacate. To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the performance prong of the inquiry, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to show prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### A. Claim One: Failure to challenge search and seizure

Before trial, defense counsel filed a motion to suppress in which he challenged the warrantless seizure of evidence from a duffel bag and Jones' arrest. After an evidentiary hearing, the motion to suppress was denied.

Jones bases his ineffective assistance claim on the fact that the motion to suppress did not contain any case citations. His complaint, while factually accurate, is nevertheless without merit. The denial of his motion to suppress was not based on

a lack of case citations.  The motion to suppress was denied because the evidence established that the search and arrest were lawful.  Similarly, Jones' complaint about the brevity of the motion to suppress is unavailing.  Again, the motion was denied solely because of the evidence, not because of its length.  Jones has not shown that a longer motion with citations to case law would have resulted in the suppression of evidence.  He is not entitled to relief on Claim One.

### B.  <u>Claim Two</u>: Failure to challenge enhancement

In a criminal information filed pursuant to 21 U.S.C. § 851, the government submitted a list of Jones' prior drug trafficking and drug possession convictions in support of enhanced sentencing.  Jones asserts that his attorney should have challenged the contents of the criminal information before trial and at sentencing.  Jones does not contend that the criminal information was factually incorrect (*e.g.*, that the convictions were not his) nor does he dispute the validity of the prior convictions or the legality of using them as grounds for an enhanced sentence.  As discussed above, to prevail on this claim Jones must show that his attorney's performance fell below an objective standard of reasonableness.  Jones cannot make that showing by saying that his attorney should have challenged the enhancement without identifying any basis for the challenge.  Moreover, because Jones has not identified the challenge his attorney should have made, he cannot show that a challenge to the criminal information would have been successful and that the outcome of the proceeding would have been different.  Jones is not entitled to relief on Claim Two.

### C.  <u>Claim Three</u>: Failure to move for judgment of acquittal

At the close of the government's case, defense counsel moved for a "directed verdict," which the Court construed as a motion for judgment of acquittal. The motion was denied. Defense counsel renewed the motion at the close of all the evidence and it was denied again. Jones complains that defense counsel failed to challenge the sufficiency of the evidence, but he fails to identify any deficiency in the evidence that his attorney could have shown to the court. Moreover, Jones has not shown that he was prejudiced.

By the close of its case in chief, the government had established that Jones was a convicted felon, that he had methamphetamine and marijuana in his possession under circumstances indicative of an intent to distribute, and that he attempted to conceal a firearm along with a kilogram of marijuana and drug paraphernalia. The government presented evidence supporting each element of the offenses. The evidence presented during the defense's case did nothing to diminish the strength of the government's case. Indeed, Jones's testimony that he intended to share the methamphetamine he possessed with another person bolstered the government's case. Thus, there is no reason to believe that a motion challenging the sufficiency of the evidence would have succeeded. Additionally, Jones does not contend that his attorney's performance hampered or precluded appellate review of his case.

Jones is not entitled to relief on this claim.

### III.  Motion to Amend

Jones moved to amend his motion to vacate to add an additional claim of ineffective assistance of counsel based on two recent decisions of the Supreme Court--- Missouri v. Frye, 132 S.Ct. 1399 (2012) and Lafler v. Cooper, 132 S.Ct. 1376 (2012).

In those cases, the Court held that ineffective assistance of counsel may be shown where an attorney fails to communicate plea offers to her client or when the attorney advises the client to reject a plea offer and proceed to trial. The Court granted the motion for leave to amend and directed the government to respond to the new claim.

A one-year period of limitation applies to motions for relief under § 2255. 28 U.S.C. § 2255(f). The one-year period begins to run---as relevant here---from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).[1] The Eighth Circuit and other circuit courts that have addressed the issue have held that neither Frye nor Lafler announced a new rule of constitutional law. Williams v. United States, 705 F.3d 293 (8th Cir. 2013)(*citing*, Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012); Hare v. United States, 688 F.3d 878, 879-80 (7th Cir. 2012); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012)). See also In re Graham, 714 F.3d 1181, 1183 (10th Cir. 2013). The decisions in Frye and Lafler have not been made retroactive on collateral review. Therefore, the amendment proposed by Jones would be futile.

The Court erred in granting Jones leave to file the amendment. The order granting leave will be vacated and leave to amend will be denied.

---

[1] Because the proposed amendment would be futile, it is unnecessary to determine whether the new claim "relates back" to the original motion to vacate so as to make the amendment timely. See, *e.g.*, United States v. Hernandez, 436 F.3d 851 (8th Cir. 2006).

## IV. Conclusion

For the foregoing reasons, the Court concludes that motion and the files and records of this case show that Jones is not entitled to relief under 28 U.S.C. § 2255. Therefore, the motion to vacate will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Jones has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

A separate Order will accompany this Memorandum.

*[signature]*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2013.